UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
KEITH WATERS, *pro se*,

                Petitioner,        **MEMORANDUM AND ORDER**
                                                08-CV-193 (DLI)

      -against-

WILLIAM LAPE, Superintendent of
Coxsackie Correctional Facility,

                Respondent.
---------------------------------------------------------------X
**DORA L. IRIZARRY, United States District Judge:**

      Petitioner Keith Waters, currently incarcerated at Coxsackie Correctional Facility, brings this *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of a Kings County Supreme Court conviction and sentence rendered on May 17, 2006 for robbery in the first degree. The Court grants petitioner's request to proceed *in forma pauperis*. The petition, however, is dismissed for the reasons set forth below.

## Discussion

      Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1)(A), thereby giving the State the "opportunity to pass upon and correct" alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (*per curiam*)); *see also Jackson v. Edwards*, 404 F.3d 612, 618 (2d Cir. 2005). To provide the State with the necessary "opportunity," a prisoner must "fairly present" his claim in each appropriate state court (including the state court of last resort with discretionary review over its docket), thereby alerting that court to the federal nature of the claim. *Duncan*, 513 U.S. at 365-366; *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Daye v. Attorney General*, 696 F.2d 186, 194 (2d Cir. 1982).

In the instant petition, Waters alleges that he "filed a timely notice of appeal," but does not provide the date of the state court decision. *See* Petition at 2, ¶ 8. As of the date of the filing of this petition, Waters' appeal of his criminal conviction still appears to be pending before the state courts. Because the state courts have not had an opportunity to consider petitioner's claims before he commenced this petition in federal court, the instant petition is prematurely filed.[1] Petitioner is advised that he may only seek federal review of his conviction once he has exhausted his state court remedies, *i.e.,* once the state courts have completed the appellate review process.

## Conclusion

Accordingly, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is dismissed, without prejudice to renew upon the exhaustion of the remedies available in the courts of the State of New York. *See* 28 U.S.C. § 2254(b)(1)(A). As petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability shall not issue. *See* 28 U.S.C. § 2253. The Court certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this order would not be taken in good faith, and, therefore, *in forma pauperis* is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438 (1962).

SO ORDERED.

Dated: Brooklyn, New York
   February 11, 2008

                _____/s/_____
                 DORA L. IRIZARRY
                 United States District Judge

---

[1] Petitioner is further advised that a one-year period of limitation applies to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. The limitation period runs from the latest of: (a) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (b) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action; (c) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (d) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1) (emphasis added).